**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
LEO REED,                           :
                                    :   Civil Action No.
              Plaintiff,            :   06-3496 (FLW)
                                    :
        v.                          :   **O P I N I O N**
                                    :
STRANIERO et al.,                   :
                                    :
              Defendants.           :
_____:

**APPEARANCES:**

> LEO REED, Plaintiff <u>pro</u> <u>se</u>
> #493375/708345B
> Northern State Prison
> Newark, New Jersey 07114

**FREDA L. WOLFSON, District Judge**

Plaintiff LEO REED (hereinafter "Plaintiff") currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted Plaintiff's Complaint (hereinafter "Complaint"), <u>see</u> Docket Entry No. 1, together with his "Declaration of Plaintiff in Support of Motion for Leave [to] Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>" (hereinafter "Declaration") in lieu of Plaintiff's affidavit of indigence, but did not submit his institutional account statement (hereinafter

"Account Statement"), pursuant to 28 U.S.C. § 1915(a) (1998). See id. Plaintiff, however, submitted a partial filing fee in the amount of $105.00. See id. Based on Plaintiff's Declaration and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff conditional in forma pauperis status, pursuant to 28 U.S.C. § 1915(a) (1998), subject to Plaintiff's timely submission of Plaintiff's Account Statement in accordance with the Order accompanying this Opinion.

## BACKGROUND

Plaintiff's Complaint asserts that the Court has federal jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1331, 42 U.S.C. § 1343 and 28 U.S.C. § 1402, as well as supplemental jurisdiction under 28 U.S.C. § 1367. Substantively, Plaintiff's Complaint asserts that, during Plaintiff's arrest,

> [P]laintiff was . . . forcibly pushed out of [a] glass door. The . . . door [was] shattered in many pieces as [P]laintiff fell through onto the . . . deck. Plaintiff was then dragged back into the . . . room[] through the shattered glass . . . Plaintiff temporarily los[t] consciousness [because of being] shoved through the . . . door. . . . Many minutes later, . . . [P]laintiff was transported by ambulance to [a hospital-like facility] and received [an] emergency treatment . . . . [P]laintiff permanently los[t] his ability to operate his left lower leg[] and . . . experienced . . . psychological distress.

Compl. §§ 19-25.

Plaintiff named, as Defendants, numerous identified parties (that could be roughly subdivided into four groups: (a)

investigators employed by various prosecutor's offices and departments of correction; (b) United States marshals; (c) sheriffs at various sheriff's departments; (d) detectives and special agents employed at various police departments and federal agencies), see id. §§ 9-13, as well as unidentified law enforcement officers and their supervisors designated by Plaintiff as John Does 1-20. See id. § 14.  Plaintiff's Complaint clarifies that the unidentified

> Defendants John Does 1-20 [were the] law enforcement personnel involved directly [in the alleged] violations . . . , and[ their] supervisory officials [were] responsible for the training[] . . . and supervision of [these] personnel . . . .

Id.

Plaintiff seeks monetary, declaratory and injunctive relief for "violat[ion of] Plaintiff's rights under the Eighth Amendment, as well as compensatory and punitive damages on the basis of Plaintiff's state claims alleging "assault, battery and negligence."  Id., at 6 and "Preliminary Statement."  Finally, Plaintiff seeks appointment of counsel since Plaintiff is of opinion that "[t]his is a complex legal case because it contains several different legal claims, with each claim involving a different set of defendants."  See "Declaration of Plaintiff in Support of Motion for the Appointment of Counsel" § 3.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## **JURISDICTION**

Plaintiff's Complaint asserts that the Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1331, 42 U.S.C. § 1343, 28 U.S.C. § 1402, and 28 U.S.C. § 1367. See id. §§ 1-3 and "Preliminary Statement."

Section 1983 of Title 42 of the United States Code, however, is not a jurisdictional mandate. The Section authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law and provides, in relevant part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff although designates 42 U.S.C. § 1343 as a provision giving this Court "jurisdiction over . . . claims of violation of

constitutional rights." Compl. § 1. However, no 42 U.S.C. § 1343(3) exists in the United States Code.[1]

Plaintiff similarly designates 42 U.S.C. § 1331 as a provision giving this Court "jurisdiction over . . . claims of violation of constitutional rights." Id. § 1. Section 1331, however, was repealed by Act July 18, 1984, P.L. 98-369, Division B, Title VI, Subtitle D, § 2663(f), 98 Stat. 1168.

Moreover, Plaintiff appears to be of the impression that 28 U.S.C. § 1402(b) is an applicable jurisdictional provision. See Compl. § 3. However, 28 U.S.C. § 1402(b) is but a venue provision bearing no jurisdictional mandate and reading, "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

Since it appears that Plaintiff erroneously identifies 42 U.S.C. § 1983, 42 U.S.C. § 1331, 42 U.S.C. § 1343 and 28 U.S.C. § 1402 as jurisdictional provisions, the Court liberally construes Plaintiff's Complaint as a request to assume jurisdiction over Plaintiff's action under 28 U.S.C. §§ 1343 and 1367.[2]

---

[1] This Court presumes that Petitioner had in mind 28 U.S.C. § 1343, the jurisdictional counterpart of § 1983.

[2] "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisc. Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998)

## **DISCUSSION**

Liberally construing the substance of Plaintiff's Complaint, see Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court reads it as setting forth a Fourth Amendment excessive force claim with respect to Plaintiff's arrest procedure.

The Fourth Amendment's objective reasonableness standard controls where a police officer allegedly uses excessive force during an arrest. See Graham v. Connor, 490 U.S. 386 (1989); United States v. Johnstone, 107 F. 3d 200, 204-07 (3d Cir. 1997); cf County of Sacramento v. Lewis, 118 S. Ct. 1708 (1998). To state an excessive force claim under the Fourth Amendment, Plaintiff must show that the officer's use of force was objectively unreasonable in light of all the facts and circumstances confronting the officer, and without regard to the officer's underlying intent. See id.; Nelson v. Jashurek, 109 F. 3d 142, 145 (3d Cir. 1997). Since Plaintiff's Complaint asserts that, during his arrest, "[P]laintiff placed both of his hands in the air above

---

(citations and quotations omitted). Where a district court has original jurisdiction over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all federal claims. See 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993). In exercising this discretion, "the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants." Id. at 1284 (citations and quotations omitted).

his head[,] . . . awaited instructions from the [arresting] officers [and] at no time . . . did [he] resist arrest, disobey any instructions given to him by the officers, or attempt to flee from the scene," this Court determines that <u>sua sponte</u> dismissal of Plaintiff's Fourth Amendment excessive force claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is not warranted at this stage of the proceeding. <u>See</u> <u>Vitek v. Jones</u>, 445 U.S. 480 (1980).

### 1. *Defendants Identified by Plaintiff*

Plaintiff named numerous identified individuals as Defendants in this action. <u>See</u> <u>id.</u> §§ 9-13. However, since it appears from the face of Plaintiff's Complaint that (1) the activities of these identified individuals merely might have had some connection to the *fact* of Plaintiff's arrest, but (2) *none* of these identified individuals was personally involved in, present during, or even aware about the *process* of Plaintiff's arrest,[3] <u>see</u> <u>id.</u>; <u>see also</u> <u>id.</u> at 14 ("[T]he door was breached by numerous individuals attired in clothing marked 'Police'"; "Defendants John Does 1-20 [were the] law enforcement personnel involved directly [in the alleged] violations . . . , and[ their] supervisory officials [were] responsible for the training[] . . . and supervision of [these]

---

[3] In fact, Plaintiff's Complaint is silent as to how any of these identified individuals was or even could have been connected to the alleged wrongdoing. <u>See</u> <u>generally</u>, Compl.

personnel"), Plaintiff's claims against these individuals should be dismissed unless Plaintiff asserts facts indicating personal involvement by these individuals. Personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights (or by tolerating past or ongoing misbehavior of subordinates while having both supervisory power and knowledge of these constitutional violations). See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Sample, 885 F.2d at 1110; Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Conversely, where no personal involvement by the defendant is asserted, the plaintiff's claim against that defendant is subject to dismissal. Rode, 845 F.2d at 1207. Therefore, Plaintiff may amend his Complaint by detailing the acts indicating personal involvement of the identified Defendants in the process of Plaintiff's arrest.

### 2. *Defendants John Does*

While failing to allege personal involvement of the identified Defendants, Plaintiff's Complaint alleges personal direct (or supervisory) involvement of Defendants John Doe 1-20. See Compl. at 14. The fact that Plaintiff does not know the names and/or titles of these officers neither nullifies nor reduces Plaintiff's

claim.  See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a federal court. . . . [P]leading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset.")  "[A] person who was subjected to excessive force by police officers might not . . . see[] the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint." Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 190 (3d Cir. 2001). Therefore, this Court will order the Clerk to file Plaintiff's Complaint so Plaintiff may amend his Complaint by identifying Defendants John Does 1-20.

### 3.    *Service of Process*

The Court, however, will not order service until Plaintiff amends his Complaint either by detailing personal involvement of the identified Defendants or by identifying Defendants John Does. Although Plaintiff alleged personal involvement on part of Defendants John Doe,

> [the service] on Defendant[s] John Doe[s will not be ordered] because, as a practical matter, it is in most

> instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendant[s].  If Plaintiff is able to determine the identity of th[ese] Defendant[s], he should amend his Complaint to name them.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Stackhouse v. Maricopa County, 2006 U.S. Dist. LEXIS 50132, at *6 (D. Ariz. July 19, 2006).  Similarly, without allegation of personal involvement by the identified Defendants, this Court has no reason to direct service upon defendants that do not appear to be liable.  See Baker, 50 F.3d at 1190-91.

Therefore, if Plaintiff fails to either detail personal involvement of the identified Defendants or to identify Defendants John Does in accordance with the time table set forth in the Order accompanying this Opinion, Plaintiff complaint should be dismissed for lack of prosecution.  Accord Hopkins v. Kelsey-Hayes, Inc., 628 F.2d 801, 811 (3d Cir. 1980) ("Complaints [naming John Doe defendants] are subject to dismissal . . . on the court's own motion, unless the plaintiff, by proving his diligence, can convince the court to retain the case on the docket"), vacated on other grounds, G. D. Searle & Co. v. Cohn, 455 U.S. 404 (1982).

## APPOINTMENT OF COUNSEL

Indigent persons raising civil rights claims have no absolute constitutional right to counsel.  See Parham v. Johnson, 126 F.3d

454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. . . . If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994)).

This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.

> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Id. at 157.

Analysis of these factors reveals that appointment of counsel is not necessary at this juncture, since Plaintiff's claims do not

appear complex, Plaintiff's Complaint reveals that Plaintiff is eloquent and well aware of his rights, and Plaintiff can obtain relevant police and medical records and information.  Therefore, the appointment of pro bono counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and Appendix H of the Local Civil Rules is premature.  See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  In the event this matter advances beyond fact discovery and the need for expert witnesses becomes crucial, Plaintiff may submit another application for appointment of counsel with respect to his claims.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to file his Complaint in forma pauperis and orders Plaintiff to amend his Complaint.

An appropriate Order accompanies this Opinion.

S/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**

Dated: August 7, 2006