**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    :
LEO REED,                                     :
                                                    :     Civil Action No.: 06-CV-3496(FLW)
                    Plaintiff,               :
                                                    :          **OPINION**
          v.                                     :
                                                    :
STANIERO et al.,                           :
                                                    :
                    Defendants.        :
_____:

**<u>WOLFSON</u>, <u>United States District Judge</u>:**

            Presently before the Court are the motions of Detective Robert Diszler, Detective

Leonard Gatsby, Senior Investigator Daniel Klotz, and Officer Ronald Palmieri ("Defendants")

to dismiss the state and federal claims against them by Plainitff, Leo Reed, or in the alternative,

for summary judgment on those claims. The instant motions arise out of the arrest of Plaintiff

and his assertion that Defendants used excessive force during his arrest.  Defendants argue that

Plaintiff's state law claims are barred by the New Jersey Tort Claims Act, and further, that

Plaintiff's federal law claims fail because none of the moving Defendants had personal

involvement in Plaintiff's arrest. The Court has considered the moving, opposition, and reply

papers submitted, and for the reasons stated below, Defendants' motions to dismiss Plaintiff's

state law claims are granted; Diszler and Gatsby's motions for summary judgment on Plaintiff's

federal claims are denied without prejudice; Klotz and Palmieri's motions for summary

judgement on Plaintiff's federal claims are granted.

**I. Background and Procedural History**

1

Plaintiff was a fugitive who failed to appear for his state court sentencing. Amended Complaint ("Am. Compl.") at 4. On June 25, 2004, The NJ/NY Regional Fugitive Task Force opened a fugitive case on Plaintiff. Id. On July 16, 2004, a task-force of officials, including investigators from various prosecutor's offices and departments of correction, United States Marshals, sheriffs at various sheriff's departments, and detectives and special agents employed at various police departments and federal agencies, Complaint ("Compl.") at ¶¶ 9-13, apprehended Reed at the Howard Johnson Motel in Lawrence, New Jersey. Am. Compl. at 4.

Although Plaintiff alleges that all members of the task force applied excessive force against him, Am. Compl. at 2, it seems clear from the Mercer County Prosecutor's Office Investigation Report attached to Plaintiff's Amended Complaint that only a subset of the task force was actually inside Plaintiff's hotel room when he was arrested. Id. at 3-7. Plaintiff alleges that, "[a]t approximately 1:15 a.m. . . . the door was breached by numerous individuals attired in clothing marked 'Police,' who stormed into the room with weapons drawn. Upon observing this development, plaintiff placed both of his hands in the air above his head and awaited instructions from the officers. . . [P]laintiff was charged at by defendant Casey and other officers and forcibly pushed out of the rear sliding glass door. The rear sliding glass door shattered in many pieces as plaintiff fell through onto the small rear deck of the hotel room. Plaintiff was then dragged back into the hotel room, through the shattered glass, and handcuffed." Compl. at ¶¶17-21. Importantly, Plaintiff alleges that "[a]t no time during this incident did plaintiff resist arrest, disobey any instructions given to him by the officers, or attempt to flee from the scene." Id. at ¶23. As a result of Defendants' alleged use of excessive force, Plaintiff "has permanently loss [sic] his ability to operate his left lower leg, and has experienced, and continues to experience, mental anguish . . ." Id. at ¶25.

On August 7, 2006, the Court granted Plaintiff's application to proceed in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Liberally construing the substance of Plaintiff's Complaint, see Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), the Court read it to set forth a Fourth Amendment excessive force claim with respect to Plaintiff's arrest procedure. Reed v. Straniero et al., No. 06-3496, 2006 WL 2331107, *3 (D.N.J. Aug. 10, 2006) The Court instructed Plaintiff to amend his Complaint to indicate the personal involvement of each of the Defendants in his arrest, Id., and in response, Plaintiff alleged the personal involvement of all Defendants. Am. Compl. at 2.

**II. Discussion**

**1. Defendants' 12(b)(6) Motions**

Defendants argue that Plaintiff's excessive force claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss on the pleadings, a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff. See Gomez v. Toledo, 446 U.S. 635, 636 n. 3 (1980); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir.1984). If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See Hishon v. Spalding, 467 U.S. 69, 73 (1984).

Recently, in Bell Atlantic Corporation v. Twombly, the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough

3

to raise a right to relief above the speculative level." Id. at 1965. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (citations omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (citation omitted)" Twombly, 127 S.Ct. at 1964-65. However, the Supreme Court has also made clear that "[a] document filed pro se is 'to be liberally construed,' (citation omitted) and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. (citations omitted)'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

**A. Excessive Force Claims Under U.S.C. § 1983**

Defendants Diszler, Gatsby and Palmieri[1] contend that Plaintiff fails to state a claim of excessive force against them in their personal capacities because he fails to provide sufficient factual allegations as to their involvement in his arrest. Personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights (or by tolerating past or ongoing misbehavior of subordinates while having both supervisory power and knowledge of these constitutional violations).  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Arnold v. New Jersey, No. 03-3997, 2007 WL 1381757, *4 (D.N.J. May 09, 2007)  Conversely, where no personal involvement by the defendant is asserted, the plaintiff's claim against that defendant is subject to

---

[1] Investigator Klotz moves for summary judgment on the issue of his personal involvement, but unlike the other Defendants, he does not make a motion to dismiss.

dismissal. <u>Rode</u>, 845 F.2d at 1207.

The Court, however, finds that Plaintiff's Amended Complaint does sufficiently allege the personal involvement of the Defendants. Reed alleges that the defendants "kicked room (door) 220 of the Howard Johnson hotel off the hinges, stormed the room and physically threw me (naked) through the sliding class doors." Am. Compl. at 2. The fact that Plaintiff does not know the names and titles of the individual officers who personally used, or supervised the use of, excessive force against him does not mean he cannot meet the lenient standard approved by the Supreme Court in <u>Erickson</u>. See <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a federal court. . . . [P]leading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset.") "[A] person who was subjected to excessive force by police officers might not. . . see[] the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint." <u>Singletary v. Pa. Dep't of Corr.</u>, 266 F.3d 186, 190 (3d Cir. 2001). Thus, Plaintiff has successfully stated a § 1983 claim of excessive force against Defendants Diszler, Gatsby, Klotz and Palmieri. These claims will be further addressed, <u>infra</u>, in connection with their alternative motions for summary judgment.

**B. Excessive Force Claims Under U.S.C. § 1983 Against Defendants in Their Official Capacities**

Plaintiff has sued Defendants Diszler, Gatsby, Klotz and Palmieri in their official capacities as well as their individual capacities, and an "official capacity suit against the officers

is the same as a suit against the entity." <u>Disalvio v. Lower Merion School Dist.</u>, No. 00-5463, 2002 WL 734343, *1 (E.D.Pa. Apr. 25, 2002) (citing <u>Aitchison v. Raffiani</u>, 708 F.2d 96, 100 (3d Cir.1983)). Klotz moves to dismiss Plaintiff's federal claim against him in his official capacity.

Investigator Klotz, an employee of the New Jersey Department of Corrections, Am. Compl. at 3; Certification of Daniel Klotz at 1, is an employee of the state of New Jersey. "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983. <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S., at 71, and n. 10." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 n. 24. Thus, Plaintiff's § 1983 claim of excessive force against Klotz in his official capacity is dismissed.[2]

## C. State Law Claims of Assault and Battery

In addition to his excessive force claim, Plaintiff alleges that Defendants Diszler, Gatsby, Klotz and Palmieri committed the state law torts of assault and battery. Defendants contend that all of Plaintiff's state law claims are barred by the New Jersey Tort Claims Act ("the Act") and that they should therefore be dismissed pursuant to Rule 12(b)(6).

N.J.S.A. 59:8-3 provides that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this chapter." If the public entity has adopted its own form, then that form must be completed. N.J.S.A. 59:8-6. A potential claimant must file notice with the public entity "not later than the ninetieth day after accrual of the cause of action." N.J.S.A. 59:8-8.  Further, "the claimant shall be forever barred from recovering against a public

---

[2]Though Plaintiff's Complaint also alleges claims of excessive force against Diszler, Gatsby and Palmieri in their official capacities, these Defendants have not moved with regard to such claims.

entity or public employee" if he or she fails to meet this deadline. Id. N.J.S.A. 59:8-9 provides a discretionary exception to this deadline in the event of "extraordinary circumstances," but the exception only allows filing notice within one year of the accrual of the cause of action. Davis v. Township of Paulsboro, 371 F.Supp.2d 611, 618 (2005). Finally, under the Act, the fact that Plaintiff alleges intentional torts does not affect the analysis, as only causes of action alleging intentional torts prior to June 29, 2004 are exempt from the notice requirement. Id. at 619.

Plaintiff alleges that "[O]n October 15, 2004, plaintiff mailed a tort claims [sic] to all government agencies involved in the raid seeking compensation for his permanent injuries." Compl. at ¶5. He alleges that his arrest and resulting injuries occurred on July 16, 2004. Id. at ¶17. Because "the ninetieth day after accrual of the cause of action" is October 14, 2004, and notice is complete upon mailing, Guzman v. City of Perth Amboy, 214 N.J. Super. 167, 175 (N.J. Super.A.D. 1986), Plaintiff's Complaint states that he filed notice of his claims one day late. Though a court has discretion under N.J.S.A. 59:8-9 to allow Plaintiff to file a late notice of claim within one year of the accrual of his claim due to "extraordinary circumstances," the Complaint fails to allege anything that could be construed as an extraordinary circumstance. "Ignorance of the law, or the Tort Claims Act's ninety day notice requirement, without more, do not qualify as extraordinary circumstances." Rolax v. Whitman, 175 F.Supp.2d 720, 731 (D.N.J. 2001) Thus, because Plaintiff's Complaint fails to allege that he timely filed notices of claim pursuant to the Act, his state law claims against Diszler, Gatsby, Klotz and Palmieri are dismissed pursuant to Rule 12(b)(6).

**2. Defendants' Assertions of Qualified Immunity**

Diszler, Gatsby, Klotz and Palmieri assert that they are entitled to qualified immunity in

connection with the claims asserted against them in their individual capacities.[3] "[I]n order to decide whether a defendant is entitled to qualified immunity, a court must first determine if, assuming the facts alleged in the complaint are true, defendant's conduct violated a constitutional or statutory right and, if so, whether the right allegedly violated was 'clearly established' at the time of the violation." Burella v. City of Philadelphia, 501 F.3d. 134, 139 (3d Cir. 2007). For the reasons provided above, Plaintiff has adequately stated a claim of excessive force, and therefore his claim survives the first step in the qualified immunity analysis.

The next issue is whether the right allegedly violated was "clearly established." This analysis "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

The Fourth Amendment objective reasonableness standard controls where a police officer allegedly used excessive force during an arrest. See Graham v. Connor, 490 U.S. 386 (1989); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997). In Graham, the Supreme Court held that the Fourth Amendment "reasonableness" inquiry "in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. (citations omitted)" Graham, 490 U.S. at 397. Plaintiff asserts that, during his arrest, "plaintiff placed both of this hands in the air above his head and awaited instructions from the [arresting] officers [and] [a]t no time . . . did [he] resist arrest, disobey any instructions given to him by the officers, or attempt to flee from the scene." Compl. at ¶ ¶18-23. Further, he asserts

---

[3]Klotz asserts that his qualified immunity entitles him to summary judgement and not, as the other Defendants contend, judgment on the pleadings.

that "plaintiff was charged at by defendant Casey and other officers and forcibly pushed out of the rear sliding glass door. The rear sliding glass door shattered in many pieces as plaintiff fell through . . . Plaintiff was then dragged back into the hotel room, through the shattered glass. . . [T]he plaintiff was transported by ambulance to Capital Health Systems . . . and received emergency treatment for his severe injuries . . . The plaintiff has permanently loss [sic] his ability to operate his left lower leg." Id. at ¶ ¶19-25. Assuming these allegations to be true, it is plain that the Defendants' use of force was not "objectively reasonable." Thus, Plaintiff has stated a claim that defendant Casey and other officers violated his "clearly established" right against excessive force during an arrest procedure, and the Defendants are not entitled to qualified immunity based on the pleadings.[4]

### 3. Defendants' Motions for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. When the burden of proof at trial is on the non-moving party, as in the case here, the moving party can satisfy its initial burden by submitting evidence that negates an essential

---

[4]Diszler, Gatsby and Palmieri also argue that they are entitled to immunity pursuant N.J.S.A. 53:3-3. ("A Public employee is not liable if he acts in good faith in the execution or enforcement of any law.") Because Plaintiff's state law claims against each Defendant are time barred, the Court does not reach this issue.

element of the non-moving party's claim, or by demonstrating that the non-moving party's

evidence is insufficient to establish an essential element of the non-movant's claim. Id. at 331.

Once the moving party satisfies this initial burden, the non-moving party "must set forth specific

facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-

moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is

a genuine issue for trial.'" Celotex, 477 U.S. at 324. In other words, the non-moving party must

"do more than simply show that there is some metaphysical doubt as to the material facts."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also

Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir.1999). A genuine issue of material

fact is one that will permit a reasonable jury to return a verdict for the non-moving party.

Anderson, 477 U.S. at 248. In evaluating the evidence, a court must "view the inferences to be

drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley

v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

　　　　To the extent that the Court considers the affidavits submitted by Defendants, the Court

will convert their motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P.

12(b) (If "matters outside the pleadings are presented to and not excluded by the court, the

motion shall be treated as one for summary judgement."); McDaniels v. New Jersey Div. of

Youth and Family, 144 Fed. Appx. 213, 216 (3d Cir. 2005). Since the Defendants' motions

explicitly invoke Fed. R. Civ. P. 56, in the alternative, I find that Plaintiff was afforded sufficient

notice that the Court could convert Defendants' 12(b)(6) motions into motions for summary

judgment. Id. See also Clay v. Department of Army, No. 06-2515, 2007 WL 128005, *1 (3d Cir.

2007) ("When a motion to dismiss is converted into a motion for summary judgment, the parties

must be given notice of the conversion and an opportunity to present material to the court.")

**A. Excessive Force Claims Under U.S.C. § 1983**

**(i) Diszler and Gatsby**

Defendants Diszler and Gatsby argue that "there is no genuine issue of material fact concerning [their] lack of participation . . . in the Plaintiff's arrest and the injuries Plaintiff allegedly sustained." Diszler and Gatsby's Brief at 13. In support of their motion, they provide sworn affidavits stating that, at the time of Plaintiff's arrest, they were outside of the hotel room where Plaintiff was arrested, and his rights allegedly violated. See, e.g., Certification of Detective Gatsby at 2 ("Detective Diszler and myself remained outside the subject motel prior to and during the raid and subsequent arrest of the Plaintiff. We were located at the rear of the building, and were positioned in the event the Plaintiff attempted to allude law enforcement officers by jumping from the deck of the second floor room to the ground. The plaintiff did not jump[,] [r]ather he was arrested in the motel room. At no time did either myself or Detective Diszler have any contact with, or touch, the Plaintiff. Rather, we remained outside and at ground level during the raid and arrest of the Plaintiff.") Because personal involvement by a defendant is an indispensable element of a valid legal claim, this showing satisfies Diszler and Gatsby's initial burden, shifting the burden to Plaintiff to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

At this point in the summary judgment analysis, it is important to note that "[t]he court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. (citations omitted) If, however, a party opposing a summary judgment motion believes that s/he needs additional time for discovery, Rule 56(f) of the Federal Rules of Civil

Procedure specifies the procedure to be followed . . .This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained (citations omitted)." <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 139-40 (3d Cir. 1988). Because Diszler and Gatsby moved to dismiss, or in the alternative for summary judgment, in lieu of filing a responsive pleading to the Complaint, Diszler and Gatsby's Brief at 1, Plaintiff did not have an opportunity to engage in discovery before Dizsler and Gatsby filed the present motion.

In opposition to Diszler and Gatsby's motion, Plaintiff argues that no report in the record states that Diszler and Gatsby were in the back of the Howard Johnson at the time of Plaintiff's arrest, rather than with the officers who entered Plaintiff's hotel room.[5] Next, Reed points out that the report filed by Detective Angerone, which Plaintiff attaches to his Amended Complaint, does not state the actions taken by Diszler and Gatsby on the night of Plaintiff's arrest. Finally, Plaintiff asserts that the detectives failed to satisfy their alleged obligation to write a detailed account of their roles in his arrest. Plaintiff's Brief in Opposition to Summary Judgement at 2. The upshot, Plaintiff argues, is that "there is no documented evidence to support the claims of Defendant's Diszler and Gatsby," <u>Id.</u>, other than their Certifications.

Since Diszler and Gatsby have satisfied their initial burden as to demonstrating their lack of personal involvement in the alleged use of excessive force against Plaintiff, the burden is on

---

[5]Though the Court sent Plaintiff a letter on June 11, 2007 stating that his motion would be considered unopposed, the Court finds it in the interests of justice to consider his late opposition in deciding the merits of the present motions.

Plaintiff to produce evidence sufficient to create a material issue of fact for trial. The burden cannot be satisfied by pointing out that Defendants have no documentary evidence that they were not personally involved in his arrest beyond their Certifications.

Nonetheless, "construed liberally, as pro se filings must be, Haines v. Kerner, 404 U.S. 519," Gambrell v. Hess, 777 F.Supp. 375, 378 (D.N.J. 1991) the Court will interpret Plaintiff's motion as setting forth the need for discovery pursuant to Fed. R. Civ. P. 56(f). If the Court "treat[s] plaintiff['s] motion as an affidavit," Hancock Industries v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987), and construes it liberally in light of Plaintiff's pro se status, it can be construed to satisfy Dowling's requirements for an opposition to summary judgment based on Fed. R. Civ. P. 56(f).  "Although we again emphasize the desirability of full compliance with Rule 56(f), failure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration." St. Surin v. Virgin Islands Daily News, 21. F.3d 1309 (3d Cir. 1994) See also Paris v. Christiana Care Visiting Nurse Ass'n, 197 F.Supp.2d 111, 116 n. 4. (D. Del. 2002) (implying that a pro se plaintiff's "submissions can charitably be read as meeting the Rule 56(f) requirements.") First, Plaintiff implies that he wants to seek "documented evidence" of Dizler and Gatsby's role in his arrest by stating that they have not provided any such evidence. The Mercer County Prosecutor's Office Investigation Report, attached to Plaintiff's Complaint, does not mention these defendants' involvement. Second, if it were uncovered that they were involved in Plaintiff's apprehension in the hotel room, such evidence could preclude summary judgment on the grounds of their lack of personal involvement.

Third, Plaintiff has had no opportunity to conduct such discovery. For this reason, it is questionable whether Plaintiff needs to strictly satisfy the Dowling requirements for a Rule 56(f)

motion. With respect to Rule 56(f), this Court has previously drawn a distinction between cases, like <u>Dowling</u>, where *further* discovery is sought, and those, like the case at bar, where no meaningful discovery has yet taken place. <u>Mars, Inc., v. Coin Acceptors, Inc.</u>, No. 90-49, 1994 WL 16471243, *2 (D.N.J. June 27, 1994)) ("Rule 56(f) is not intended for those situations where there has been no meaningful discovery, such that a party defending against summary judgment is unable to mount a serious defense.") <u>See also</u> <u>West Viginia University Hospitals, Inc.v. Rendell</u>, No. 06-0082, 2006 WL 3042971, *2  (M.D.P.A. Oct. 20, 2006) ("The Ninth Circuit has noted that where 'a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery related to its theory of the case, the district court should grant any Rule 56(f) motion fairly freely. (citing <u>Burlington N. & Santa Fe R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation</u>, 323 F.3d 767, 773 (9th Cir. 2003)) The Ninth Circuit's 'fairly freely' touchstone does not entitle every non-moving party to discovery under Rule 56(f) when a summary judgment motion has been filed prior to discovery, but it does suggest a less stringent standard than when the parties have already engaged in discovery. (citation omitted)); <u>Crystalline H20, Inc. v. Orminski</u>, 105 F.Supp.2d 3, 6 (N.D.N.Y. 2000) ("There is a critical distinction, however, between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct additional discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to commence discovery with respect to Plaintiff's claims."); <u>Hellstrom v. U.S. Dep't of Veterans Affairs</u>, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery (citations omitted).")  Thus, Diszler and Gatsby's motion for summary

judgment is denied without prejudice.[6] After Plaintiff has had an opportunity to explore their personal involvement in his arrest through discovery, they may re-new their motion.

**(ii) Klotz**

Defendant Klotz argues that he should be granted summary judgment on Plaintiff's excessive force claim because he had no personal involvement in Plaintiff's arrest. His motion is unopposed.

If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir.1990); see also Damino v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J.1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court 'will accept as true all material facts set forth by the moving party with appropriate record support.'" Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, *2 (D.N.J. Jan. 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, *8 (E.D.Pa. Mar. 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir.1988)); see also Atkinson v. City of Phila., No.

---

[6]For the same reasons, the Court cannot determine at this stage whether Dizler and Gatsby, if they were personally involved, would be entitled to qualified immunity.

99-1541, 2000 WL 793193, *5 n. 8 (E.D. Pa. June 20, 2000).

Klotz satisfies his initial burden with an affidavit stating that he had no personal involvement in Plaintiff's arrest. Declaration of Daniel Klotz at ¶¶5-7 ("I reported to the Howard Johnson Hotel and was assigned to secure the outside perimeter in the event that Reed attempted to elude apprehension. Shortly after my arrival, I was contacted by radio and advised that Reed was in custody. I did not have any physical involvement in the arrest of Reed.") Since Plaintiff has not opposed Klotz's motion, "the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp, 2002 WL 373448 at *2. Thus, the Court accepts that Klotz had no personal involvement in Plaintiff's arrest. Although Klotz moves for summary judgment in lieu of filing a responsive pleading, Plaintiff has not indicated the need for further discovery or how such discovery might create a material issue of fact as to Klotz's involvement. Moreover, since Plaintiff did oppose the motion of Dizsler and Gatsby, who each submitted similar Certifications, I must conclude that Plaintiff chose not to dispute Klotz's factual averments. Therefore, the Court grants Klotz's motion for summary judgment as to Plaintiff's §1983 claim of excessive force.[7]

**(iii) Palmieri**

Palmieri's motion for summary judgment is also unopposed, and a such, "the Court will accept as true all material facts set forth by the moving party with appropriate record support." Id. Palmieri satisfies his initial burden with an affidavit stating that he had no personal involvement in Plaintiff's arrest. Certification of Ronald Palmieri at ¶¶6-9. ("As assigned by the

---

[7]For the same reasons, Klotz is entitled to qualified immunity on Plaintiff's excessive force claim. Though Klotz also argues that Plaintiff's federal claims are barred by his failure to exhaust available administrative remedies under the PLRA, 42 U.S.C. § 1997e(a), the PLRA applies only to actions "brought with respect to prison conditions." Id.

Task force, I remained outside the subject motel prior to and during the raid and subsequent arrest of the Plaintiff. I was positioned at the rear of the hotel with the other officers in the event the plaintiff attempted to elude the law enforcement officers by jumping from the deck of the second floor room to the ground. The plaintiff never jumped from the second floor. He was arrested in the motel room. I never have had any contact with the Plaintiff. I remained outside the hotel at ground level during the raid and the arrest of the Plaintiff.") Plaintiff has had over five months between Palmieri's answer and his present motion for summary judgment to conduct discovery, but he has not done so. Because Plaintiff has not provided any evidence in opposition to the motion, requested additional time for discovery, or explained how further discovery might create a material issue of fact, there is no issue of material fact as to Palmieri's personal involvement in Plaintiff's arrest. Again, since Plaintiff did oppose the motion of Diszler and Gatsby, who each submitted similar Certifications, I must conclude that Plaintiff chose not to dispute Palmieri's factual averments.  Thus, the Court grants Palmieri's motion for summary judgment on Plaintiff's § 1983 claim of excessive force.[8]

## B. State Law Claims of Assault and Battery

Even if Plaintiff had successfully stated a state law claim of assault and battery, Defendants argue that they are entitled to summary judgment because of Plaintiff's failure to comply with the New Jersey Torts Claims Act notice provisions. The Court finds that summary judgment on Plaintiff's state law claims is appropriate for two reasons.  First, with respect to Klotz and Palmieri, personal involvement is just as much an indispensable element of common law assault and battery as it is an indispensable element of a Fourth Amendment claim of

_____

[8]For the same reasons, Palmieri is entitled to qualified immunity on Plaintiff's § 1983 claim of excessive force.

excessive force, and Plaintiff has failed to provide or seek sufficient evidence of their personal involvement.

Second, even if Plaintiff had stated that he filed a notice of claim to the appropriate entities in a timely matter in his Complaint, Plaintiff has not shown that there is a material issue of fact as to whether he complied with the New Jersey Tort Claims Act notice requirement. Diszler, Gatsby, Klotz and Palmieri argue that they are entitled to summary judgment on Plaintiff's state law claims because he failed to file a notice of claim within ninety days of his July 16, 2004 arrest. They provide affidavits in support of their claims and have given adequate notice in their briefing that they are making a motion to dismiss, or in the alternative, for summary judgment. Thus, to the extent that the Court considers the affidavits on this point, the Court will convert their motion to dismiss into a motion for summary judgment. See  § 3 supra.

**(i) Diszler and Gatsby**

Diszler and Gatsby support their motion for summary judgment with the affidavit of their counsel, the Director of the Hamilton Township Department of Law, stating that he reviewed the Department of Law's claim files and found no evidence of a notice of claim from Plaintiff. Certification of Counsel at ¶2. This shifts the burden to Plaintiff.  In his opposition papers, Plaintiff asserts that the notice of claim was filed in a timely fashion as required by the Act. As evidence, Plaintiff provides a copy of a notice of claim form he submitted to Mercer County and subsequent correspondence. Plaintiff's Brief in Opposition to Summary Judgment at 4-10.

This evidence is not sufficient to create a material issue of fact as to Plaintiff's compliance with the Act. Diszler and Gatsby are municipal detectives employed by the Hamilton Township Police Department, not Mercer County. Certification of Diszler at ¶1; Certification of

Gatsby at ¶1. N.J.S.A. 59:8-7 provides that: "A claim for injury or damages arising under this act against a local public entity shall be filed with that entity." Further, a "local public entity" is defined as "a public entity other than the State." N.J.S.A. 59:8-2. Thus, to survive a motion for summary judgment, Plaintiff must provide sufficient evidence that he notified the "local public entity" of Hamilton Township Police Department by filing a claim form with Mercer County. But, like the court in Forcella v. City of Ocean City, 70 F.Supp.2d 512 (D.N.J. 1999), "I find that [Plaintiff] failed to meet [his] burden in proving that [Diszler and Gatsby] were employees of a 'public entity' other than the Department of Police. The record in this case is woefully deficient and cannot a support a finding that [Diszler and Gatsby] were 'employees' of a 'public entity' which was properly served in accordance with the TCA." Forcella, 70 F.Supp.2d at 518-19. Further, Plaintiff has not suggested how discovery might change this. Thus, even if Plaintiff had stated a claim against Diszler and Gatsby on his claims of assault and battery, Diszler and Gatsby would be entitled to summary judgment on these state law claims.

**(ii) Klotz and Palmieri**

Klotz and Palmieri support their motion for summary judgment with affidavits from the Supervisor of Claims for the State of New Jersey and the Senior Claims Examiner for the County of Ocean respectively, each stating that a notice of claim was not received  by the entity within ninety days of the accrual of Plaintiff's claim. Certification of Brenda Deligny; Cerification of Theresa Adams. Because Klotz is an employee of the State of New Jersey and Palmieri is an employee of Ocean County, Certification of Daniel Klotz ¶ 1; Certification of Ronald Palmieri ¶1, the Act requires that these entities be notified within ninety days of the accrual of Plaintiff's claim. The motions of Klotz and Palmieri are unopposed and their assertions with respect to

19

Plaintiff's failure to comply with the requirements of the Act have appropriate record support. Thus, even if Plaintiff had stated a claim against Klotz and Palmieri, the Court will accept their assertions as true and grant Klotz and Palmieri summary judgment on Plaintiff's state law claims.

### 4. Discovery and  Appointment of Counsel

The Court notes that Plaintiff's previous applications for pro bono counsel have been denied without prejudice with the Court "planning to assess Plaintiff's continued ability to present his case." See Docket Entry No. 27 at 3. In denying his application, the Court reasoned that "Plaintiff will be able to obtain the necessary discovery through interrogatories and depositions of police officers and officials, despite his incarceration." Id. The present motions indicate that there are remaining issues as to which of the long list of Defendants named by Plaintiffs were personally involved in his apprehension in the Howard Johson hotel room. The only report in the record, the Mercer County Prosecutor's Office Investigation Report attached to the Amended Complaint, does not resolve this ambiguity (although it does indicate that certain officers *were* present in the hotel room). To resolve these issues, Plaintiff will have to engage in further inquiry through interrogatories, document requests, and perhaps, depositions. For the Court to reconsider the appointment of pro bono counsel, I would require further information uncovered through discovery, including Plaintiff's medical records.

### IV. Conclusion

For forgoing reasons, Diszler and Gatsby's motion to dismiss Plaintiff's federal claims against them, or in the alternative, for summary judgment, is denied. Klotz and Palmieri's motions for summary judgement on the federal claims are granted.  Dizler, Gatsby, Klotz and

Palmieri's motions to dismiss Plaintiff's state law claims are granted. An appropriate Order will follow.

Finally, for the purposes of clarity, the Court will summarize the status of Plaintiff's claims against each of the remaining defendants. The claims against the federal defendants, Casey, Watkins, Cope, Woerner, Hein, and Tocci, have been dismissed without prejudice for lack of personal jurisdiction and Plaintiff has not attempted to make proper service of process. The Clerk of the Court has entered default against Straniero, Frascella, Angarone, Schoellkopf, Kenyon, Barbato, Martinez, Wentworth, Rocco, and Rivera and no motion for default judgment has been filed with the Court. Defendant Riley never received service of process. If Plaintiff takes no further action within a reasonable period, his claims against Riley will be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Finally, Rocco and Wentworth have moved to vacate the entry of default against them and for an extension of time to answer Plaintiff's Complaint. See Docket Entry Nos. 49 and 50.

Dated: November 13, 2007                    /s/ Freda L. Wolfson
                                            Honorable Freda L. Wolfson
                                            United States District Judge