NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LEO REED,                           :
                                    :
                                    :   Civil Action No.: 06-CV-3496(FLW)
            Plaintiff,              :
                                    :   OPINION
      v.                            :
                                    :
STRANIERO, et al.,                  :
                                    :
            Defendants.             :
_____:

**WOLFSON**, **United States District Judge:**

Presently before the Court are the motions of defendants Rivera, Ruocco, and Wentworth, as well as the joint motion of Straniero, Frascella, Angarone, Schoellkopf, Kenyon, Barbato and Martinez ("the Mercer County Defendants"), for summary judgment on the federal and state law claims of plaintiff Leo Reed ("Plaintiff"). Since these motions raise similar legal issues to those addressed in this Court's prior Opinion in this matter, Reed v. Straniero, Docket No. 06-3496, 2007 WL 3430935 (D.N.J. Nov. 13, 2007), I will, where applicable, rely on the analysis in my prior Opinion.

For the following reasons, defendants Rivera, Ruocco, and Wentworth are entitled summary judgment on Plaintiff's federal and state law claims. Because the Mercy County Defendants have informed the Court that they did not successfully serve their moving papers on Plaintiff, see infra at § II, the Court will not address their motion. They may, if appropriate, make proper service on Plaintiff consistent with the Court's instructions herein. See Id.

**I. Background and Procedural History**

The basic factual background for the present motions remains the same as it was in the Court's previous recitation of the facts:

> Plaintiff was a fugitive who failed to appear for his state court sentencing. Amended Complaint ("Am.Compl.") at 4. On June 25, 2004, The NJ/NY Regional Fugitive Task Force opened a fugitive case on Plaintiff. Id. On July 16, 2004, a task-force of officials, including investigators from various prosecutor's offices and departments of correction, United States Marshals, sheriffs at various sheriff's departments, and detectives and special agents employed at various police departments and federal agencies, Complaint ("Compl.") at ¶¶ 9-13, apprehended Reed at the Howard Johnson Motel in Lawrence, New Jersey. Am. Compl. at 4.
>
> Although Plaintiff alleges that all members of the task force applied excessive force against him, Am. Compl. at 2, it seems clear from the Mercer County Prosecutor's Office Investigation Report attached to Plaintiff's Amended Complaint that only a subset of the task force was actually inside Plaintiff's hotel room when he was arrested. Id. at 3-7. Plaintiff alleges that, "[a]t approximately 1:15 a.m ... the door was breached by numerous individuals attired in clothing marked 'Police,' who stormed into the room with weapons drawn. Upon observing this development, plaintiff placed both of his hands in the air above his head and awaited instructions from the officers ... [P]laintiff was charged at by defendant Casey and other officers and forcibly pushed out of the rear sliding glass door. The rear sliding glass door shattered in many pieces as plaintiff fell through onto the small rear deck of the hotel room. Plaintiff was then dragged back into the hotel room, through the shattered glass, and handcuffed." Compl. at ¶¶ 17-21. Importantly, Plaintiff alleges that "[a]t no time during this incident did plaintiff resist arrest, disobey any instructions given to him by the officers, or attempt to flee from the scene." Id. at ¶ 23. As a result of Defendants' alleged use of excessive force, Plaintiff "has permanently loss [sic] his ability to operate his left lower leg, and has experienced, and continues to experience, mental anguish." Id. at ¶ 25.
>
> On August 7, 2006, the Court granted Plaintiff's application to proceed in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Liberally construing the substance of Plaintiff's Complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992), the Court read it to set forth a Fourth Amendment excessive force claim with respect to Plaintiff's arrest procedure. Reed v. Straniero et al., No. 06-3496, 2006 WL 2331107, *3 (D.N.J. Aug.10, 2006) The Court instructed Plaintiff to amend his Complaint to indicate the personal involvement of each of the Defendants in his arrest, Id., and in response, Plaintiff alleged the personal involvement of all Defendants. Am. Compl. at 2.

Reed, 2007 WL 3430935, at *1-2. In other words, given Plaintiff's lack of information as to which of the many officers listed in Mercer County Prosecutor's Office Investigation Report

were personally involved in the alleged application of excessive force in the hotel room, as opposed to merely being present on the scene, Plaintiff has alleged that <u>all</u> of the officers were personally involved in the use of excessive force during Plaintiff's arrest procedure: "The above mentioned officers kicked room (door) 220 of the Howard Johnson hotel off the hinges, stormed the room and [physically] threw me (naked) through the sliding glass doors." Am. Compl. at 2. Plaintiff makes no further specific factual averments as to any of the defendants. Facts pertinent to each defendant, or set of defendants, will be addressed in separate sections as necessary.

Additionally, it should be noted that the in my prior Opinion in this matter, <u>Reed</u>, 2007 WL 3430935 at *11, I explicitly stated that "there are remaining issues as to which of the long list of Defendants named by Plaintiff[] were personally involved in his apprehension," and that "[t]o resolve these issues, Plaintiff will have to engage in further inquiry through interrogatories, document requests, and perhaps, depositions." <u>Id.</u> Despite my prior Opinion having indicated to Plaintiff the steps necessary to prosecute this action, there is no indication that Plaintiff has conducted any discovery to date. Further, according to Judge Bongiovani's Order dated January 14, 2008, such discovery should have ended by May 12, 2008. Docket Entry No. 59. Moreover, all the present motions for summary judgment are unopposed, despite the Court having sent Plaintiff a letter, dated March 5, 2008, indicating that the due date for Plaintiff's opposition to defendant Rivera's motion for summary judgment had passed, and that Rivera's motion would be considered unopposed. Docket Entry No. 65.

## II. Plaintiff's Address and Receipt of Papers

Given that the last correspondence the Court received from Plaintiff was a letter, dated July 31, 2007, stating that he had been transferred from Northern State Prison to Bucks County Corrections, Docket Entry No. 44; that Plaintiff has failed to oppose all of the pending motions,

3

filed between January 14, 2008 and April 24, 2008; and that the docket reflects that Judge Bongiovani's order dated April 17, 2008 (and <u>only</u> that order) was returned as undeliverable to Plaintiff, <u>see</u> Docket Entry No. 73, the Court became concerned about Plaintiff's (1) receipt of motion papers and (2) Plaintiff's desire to continue prosecuting this case. The Court contacted counsel for the moving parties, and queried whether they received any indication that their motion papers were or were not delivered to Plaintiff. While counsel for the Mercer Count Defendants indicated that their motion papers were returned as undeliverable, counsel for Rivera, Ruocco, and Wentworth confirmed that they had received no indication that Plaintiff has not received their motion papers. While Rivera's certificate of service for his motion filed in January 14, 2008 indicates that his papers were delivered to Plaintiff's address at Northern State Prison, the motions of Wentworth, the Mercer County Defendants, and Ruocco, dated April 10, 2008, April 18, 2008, and April 24, 2008, respectively, were delivered to Plaintiff's address at Bucks County Corrections, Pennsylvania, which is currently reflected as Plaintiff's address on the docket. The Court queried the New Jersey Department of Corrections for Plaintiff's current address, and was told that he has been continuously at Northern State Prison since August of 2004 (which is inconsistent with Plaintiff's letter, dated July 31, 2007, indicating that he had been transferred to Bucks County Corrections). Docket Entry No. 44.

In any event, according to the New Jersey Department of Corrections, Plaintiff is currently at Northern State Prison, New Jersey, and it is his responsibility to apprise the Court, and through the Court's docket, opposing parties, of any change in his address. <u>See</u> <u>L. Civ. R.</u> 10.1. Given the Court's inquiries to counsel for Rivera, Ruocco, and Wentworth, there is no indication that Plaintiff has not received their motion papers, and unless it is brought to the Court's attention that this is not the case, the Court will proceed on the assumption that Plaintiff

4

received their motion papers and has failed to oppose their motions. Since counsel for the Mercer County Defendants have apprised the Court that Plaintiff did not receive their motion papers, their motion will not be considered. Further, since over a year has passed since Plaintiff contacted or filed papers with the Court, and, despite my prior Opinion advising Plaintiff of the need for discovery, Plaintiff has not taken any steps toward conducting discovery, the Court questions whether Plaintiff is interested in prosecuting this case. If he is so interested, the Court directs Plaintiff to inform the Court of his intention to do so in twenty days, as well as provide the Court with his proper address; otherwise, his claims will be dismissed. In the event that Plaintiff does contact the Court, the Mercer County Defendants may make proper service of their motion to the address indicated by Plaintiff.

**III. Standard of Review**

All defendants move for summary judgment. Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. When the burden of proof at trial is on the non-moving party, as in the case at bar, the moving party can satisfy its initial burden by submitting evidence that negates an essential element of the non-moving party's claim, or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-movant's claim. Id. at 331. Once the moving party satisfies this initial burden, the non-moving party "must

5

set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324. In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir.1999). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248. In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

## IV. Plaintiff's Federal Claims Against Defendants In Their Individual Capacities

Based on his arrest procedure, i.e., that he was needlessly pushed through a glass door during his arrest procedure, Plaintiff brings § 1983 excessive force claims against the defendants.

### A. Defendants Rivera and Ruocco

Defendants Rivera and Ruocco move for summary judgment on Plaintiff's excessive force claim on the ground that they had no personal involvement in the alleged use of excessive force against Plaintiff. Personal involvement is a necessary element of Plaintiff's constitutional claims:

> Personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights (or by tolerating past or ongoing misbehavior of subordinates while having both supervisory power and knowledge of these constitutional violations). See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir.1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207

(3d Cir.1988); Arnold v. New Jersey, No. 03-3997, 2007 WL 1381757, *4 (D.N.J. May 09, 2007)[.] Conversely, where no personal involvement by the defendant is asserted, the plaintiff's claim against that defendant is subject to dismissal. Rode, 845 F.2d at 1207.

Reed, 2007 WL 3430935, at *2.

In their unopposed motions, Rivera and Ruocco provide sworn affidavits stating that, at the time excessive force was allegedly used against Plaintiff inside the hotel room, they were outside the hotel room, and therefore, had no involvement in the incident in question. Rivera, a Monmouth County Sheriff's Officer who was assigned to the Regional Task Force to apprehend Reed, certifies as follows:

> As assigned by the Task Force, I proceeded to the room Plaintiff was suspected to be located, following behind at least 10 other officers. I was positioned outside of the room with other officers until such time as the Plaintiff was cuffed and placed under arrest by those officers who initially entered the room. I never had any contact with the Plaintiff. I remained outside the hotel room until Plaintiff was handcuffed and placed under arrest.

Rivera Certification, ¶¶ 6-8. Ruocco, also a Monmouth County Sheriff's Officer, provides a similar certification:

> As assigned by the Task Force, I proceeded to the room in which Plaintiff was suspected to be located, following behind at least 10 other officers. When I got into the room, plaintiff was already secured on the floor. I was still behind at least 8-10 other officers. I never had any contact with the Plaintiff. I remained outside the hotel room until Plaintiff was handcuffed and placed under arrest.

Ruocco Certification, ¶ 6-8.

Given that Plaintiff has not opposed the motions of Rivera or Ruocco, I must accept their certifications as undisputed. I undertook a similar analysis in my prior Opinion, Reed, 2007 WL 3430935 at *8:

> If the non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir.1990); see

7

> also Damino v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J.1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). The motion is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court 'will accept as true all material facts set forth by the moving party with appropriate record support.'" Carp v. Internal Revenue Serv., No. 00-5992, 2002 WL 373448, *2 (D.N.J. Jan.28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175). Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, *8 (E.D.Pa. Mar.1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir.1988)); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, *5 n. 8 (E.D.Pa. June 20, 2000).

Reed, 2007 WL 3430935 at *8.

As the moving parties, Rivera and Ruocco have satisfied their initial burden with sworn certifications indicating that they had no personal involvement in Plaintiff's allegations of excessive force. Since Plaintiff has not opposed their motions, "the Court 'will accept as true all material facts set forth by the moving party with appropriate record support,'" Carp, 2002 WL 373448 at *2 (quoting Anchorage Assocs., 922 F.2d at 175), and thus must conclude that Rivera and Ruocco had no personal involvement in Plaintiff's allegations of excessive force.

Although Rivera has apparently moved for summary judgment (or to dismiss for failure to state a claim) in lieu of filing an answer to Plaintiff's Amended Complaint, "Plaintiff has not indicated the need for further discovery or how such discovery might create a material issue of fact as to [Rivera's] involvement. Moreover, since Plaintiff did oppose the motion of Diszler and Gatsby, who each submitted similar Certifications, I must conclude that Plaintiff chose not to dispute [Rivera's] factual averments." Reed, 2007 WL 3430935 at *8.

Ruocco filed an answer to Plaintiff's Amended Complaint on January 24, 2008, and an

8

amended answer on February 12, 2002, over two months prior to the filing of his motion for summary judgment on April 24, 2008, and nearly six months prior to the filing of this Opinion. The Court's last Opinion in this matter specifically alerted Plaintiff to the need to conduct discovery in order to ascertain the involvement of the many named defendants: "The present motions indicate that there are remaining issues as to which of the long list of Defendants named by Plaintiff[] were personally involved in his apprehension in the Howard Johnson hotel room . . . . To resolve these issues, Plaintiff will have to engage in further inquiry through interrogatories, document requests, and perhaps, depositions."Id. at *11. Nonetheless, to date, Plaintiff has failed to engage in any discovery on the issue of the personal involvement of the various defendants. For this reason, in addition to the fact that Plaintiff has failed to oppose Ruocco's summary judgment motion, I must accept the factual averments in Ruocco's certification, and conclude that Ruocco was not personally involved in Plaintiff's allegations of excessive force.

For the above reasons, the Court must conclude as a matter of law that Rivera and Ruocco lacked the requisite personal involvement in the alleged application of excessive force underlying Plaintiff's § 1983 excessive force claims, and they are therefore entitled to summary judgment.

**B. Wentworth**

Wentworth, a Monmouth County Detective, also moves for summary judgment on the ground that he lacked the requisite personal involvement in the alleged application of excessive force during Plaintiff's arrest. Wentworth argues as follows:

> [I]t is abundantly clear that Detective Wentowrth has qualified immunity from the subject lawsuit. To that extent, a review of the investigation report clearly established that Detective Wentworth had no contact or interaction with the Plaintiff during the arrest on July 15, 2004. Further, plaintiff has failed to produce any evidence that Detective Wentworth was involved in any wrongdoing on said

9

> date. In fact, the only link Detective Wentworth has in this matter is that his name is listed in the Investigation Report as one of numerous officers present at the time of the arrest.

Wentworth's Brief, 14-15. While the Court disagrees with Wentworth's assertion that the report "clearly establishes" that Wentworth had no interaction with Plaintiff during his arrest - the report is <u>ambiguous</u> as to which task force members "ran towards Reed" and were otherwise directly involved in placing him under arrest, Am. Compl., at 3-6 - Wentworth has satisfied the burden incumbent upon him, as the moving party, by demonstrating that Plaintiff has failed to provide any evidence of Wentworth's personal involvement in Plaintiff's allegations of excessive force. This shifts the burden to Plaintiff to produce evidence that there is a material issue of fact as to Wentworth's involvement in the application of excessive force against Plaintiff, and by failing to oppose the motion, or to in any way indicate the need for further discovery, <u>c.f.</u> <u>Reed</u>, 2007 WL 3430935 at *6-8 (this Court interpreting Plaintiff's opposition as setting forth the need for further discovery pursuant to <u>Fed. R. Civ. P.</u> 56(f)), Plaintiff has failed to meet that burden. Indeed, in my previous Opinion in this matter issued on November 13, 2007, <u>Id.</u> at *11, I emphasized Plaintiff's need to conduct discovery. Further, Judge Bongiovani's Order, dated January 15, 2008, establishes that "discovery disputes must be resolved by motion before May 12, 2008," a deadline that has long since passed. Docket Entry No. 59. Despite all this, there were over two months in between the filing of Wentworth's answer on January 25, 2008 and his motion for summary judgment on April 10, 2008, during which Plaintiff could have, but apparently failed to, engage in any discovery. Thus, because Plaintiff has failed to provide any evidence of Wentworth's personal involvement in his allegations of excessive force, or indicated the need for discovery to do so, Wentworth is entitled to qualified immunity, and hence summary judgment on Plaintiff's § 1983 excessive force claim.

10

**V. Plaintiff's Federal Claims Against Rivera, Wentworth and Ruocco in Their Official Capacities**

Since Rivera, Wentworth and Ruocco are entitled to summary judgment on Plaintiff's § 1983 claims against them in their individual capacities, it follows, a fortiori, that they are entitled to summary judgement as to liability in their official capacities as well. "The Supreme Court has stated that-while establishing personal liability in a Section 1983 action requires that an official, acting under color of state law, caused the deprivation of a federal right-an action against a government entity or individual in his or her official capacity requires that the entity itself is 'a moving force behind the deprivation.'" Roberts v. Luzerne County Com'rs, 2006 WL 2927267, *4 (M.D. Pa. 2006) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). If the defendants did not violate Plaintiff's constitutional rights, the public entities employing them could not have been the moving force behind such violations, at least with respect to the defendants whose motions are presently before the Court.

**VI. Plaintiff's State Law Claims**

Plaintiff brings New Jersey state law claims of assault and battery against all defendants for their involvement in his arrest procedure.

Rivera, Ruocco and Wentworth move for summary judgment on Plaintiff's state law claims on the ground that Plaintiff has failed to file timely notices of claim, which are required by the New Jersey Tort Claims Act. As explained in Reed, 2007 WL 3430395 at § II.1.C., Plaintiff's state law claims against public employees are barred unless Plaintiff filed a timely notice of claim with the public entity that employs the defendant employees. "A potential claimant must file notice with the public entity 'not later than the ninetieth day after the accrual of the cause of action,'" Id. at *3 (quoting N.J.S.A. 59:8-8), or else such claimant is barred from

recovering from the public employee.

Although Reed alleges in his Complaint that "[o]n October 15, 2004, plaintiff mailed a tort claims to all government agencies involved in the raid seeking compensation for his permanent injuries," Rivera, Ruocco and Wentworth provide sworn certifications from their public entity employer, Monmouth County, that no such claim was ever filed. Rivera, who is employed by the Monmouth County Sheriff's Department, attaches a Certification from the Monmouth County Claims Examiner indicating that no notice of claim was received from Plaintiff. Rivera's Brief, Joyce Certification, ¶¶ 1-2. Ruocco, who is also employed by the Monmouth County Sheriff's Department, attaches a certification from the Monmouth County Claims Examiner indicating that no notice of claim was received from Plaintiff. Ruocco's Brief, Joyce Certification, ¶¶ 1-2. Wentworth, also employed by the Monmouth County Sheriff's Department, attaches a similar certification. Wentworth's Brief, Joyce Certification, ¶¶ 1-2. "The motion of [Rivera, Ruocco and Wentworth] are unopposed and their assertions with respect to Plaintiff's failure to comply with the requirements of the [New Jersey Tort Claims Act] have appropriate record support." Reed, 2007 WL 3430935 at *10. Thus, the Court must accept their assertions as true, and conclude that Plaintiff has failed to comply with the requirements of the New Jersey Torts Claims Act with respect to his claims against Rivera, Ruocco and Wentworth.[1] Thus, they are entitled to summary judgment on Plaintiff's state law claims.

**VII. Conclusion**

---

[1]The only evidence in the record of Plaintiff filing a notice of claim is a form he addressed to Mercer County, and subsequent correspondence pursuant thereto. Plaintiff's Opposition to Summary Judgement Motion by Diszler and Gatsby, 4-9. The Court has already granted three motions for summary judgment regarding Plaintiff's state law claims, with Plaintiff failing to provide evidence of his filing a notice of claim with the public entity at issue in each motion. Reed, 2007 WL 3430935 at § II.3.B.

For the following reasons, defendants Rivera, Ruocco, and Wentworth are entitled summary judgment on Plaintiff's federal and state law claims. Plaintiff is directed to contact the Court and indicate his interest in prosecuting this case within twenty days, or his claims against the remaining defendants will be dismissed.

Dated August 20, 2008                              /s/ Freda L. Wolfson
                                                   Honorable Freda L. Wolfson
                                                   United States District Judge