*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO REED : <br> : <br> Plaintiff : <br> : OPINION <br> v. : Civil Action No.: 06-03496 (FLW) <br> : <br> : <br> STRANIERO, et. al. : <br> : <br> : <br> Defendants : <br> : | |

**WOLFSON, United States District Judge**:

Presently before the Court is a motion for summary judgment by defendants Detective Leonard Gadsby and Detective Robert Diszler ("Defendants"). The instant motion arises out of the July 16, 2004 arrest of *pro se* Plaintiff Leo Reed ("Plaintiff"), and his allegations that Defendants used excessive force during the arrest in violation of 42 U.S.C. § 1983. Defendants contend that summary judgment should be granted on the excessive force claim because they are entitled to qualified, if not absolute, immunity. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment and dismiss the remaining claims against Defendants.

    I.    BACKGROUND

The lengthy and tortuous procedural history of this case is more fully set forth in previous Opinions and Orders of this Court issued on August 10, 2006, November 13, 2007,

1

August 20, 2008, and October 1, 2009, which are hereby incorporated by reference. In short, Plaintiff was a fugitive who failed to appear for his state court sentencing. Amended Complaint ("Am. Compl..") at 4. On July 16, 2004, a taskforce of officials, including investigators from various prosecutor's offices and departments of correction, United States Marshals, sheriffs at various sheriff's departments, and detectives and special agents employed at various police departments and federal agencies, arrested Plaintiff on a fugitive warrant at the Howard Johnson Motel in Lawrence, New Jersey. Am. Compl. at 4. Plaintiff alleged that taskforce officials used excessive force in effecting the arrest. The only claims still remaining in the action are those against the moving Defendants.

In 2007, Defendants moved to dismiss Plaintiff's federal and State law claims against them in their individual capacities, or in the alternative, for summary judgment on those claims. This Court denied Defendants' motion to dismiss Plaintiff's § 1983 claim, finding the allegations in the Amended Complaint sufficient to state a § 1983 claim of excessive force against them. However, this Court granted Defendants' motion to dismiss Plaintiff's State law claims against them, finding that Plaintiff had failed to comply with the ninety day notice requirement of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8. Reed v. Straniero, 2007 WL 3430935, * 10 (D.N.J. Nov. 13, 2007). Addressing Defendants' motion for summary judgment on Plaintiff's excessive force claim, this Court held as follows:

> Since Diszler and Gatsby have satisfied their initial burden as to demonstrating their lack of personal involvement in the alleged use of excessive force against Plaintiff, the burden is on Plaintiff to produce evidence sufficient to create a material issue of fact for trial. The burden cannot be satisfied by pointing out that Defendants have no documentary evidence that they were not personally involved in his arrest beyond their Certifications.
>
> Nonetheless, "construed liberally, as pro se filings must be, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652," Gambrell

2

v. Hess, 777 F.Supp. 375, 378 (D.N.J. 1991) the Court will interpret Plaintiff's motion as setting forth the need for discovery pursuant to Fed. R. Civ. P. 56(f). If the Court "treat[s] plaintiff['s] motion as an affidavit," Hancock Industries v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987), and construes it liberally in light of Plaintiff's pro se status, it can be construed to satisfy Dowling's requirements for an opposition to summary judgment based on Fed. R. Civ. P. 56(f). "Although we again emphasize the desirability of full compliance with Rule 56(f), failure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration." St. Surin v. Virgin Islands Daily News, 21 F.3d 1309 (3d Cir. 1994). See also Paris v. Christiana Care Visiting Nurse Ass'n, 197 F.Supp.2d 111, 116 n. 4 (D. Del. 2002) (implying that a pro se plaintiff's "submissions can charitably be read as meeting the Rule 56(f) requirements.") First, Plaintiff implies that he wants to seek "documented evidence" of Diszler and Gatsby's role in his arrest by stating that they have not provided any such evidence. The Mercer County Prosecutor's Office Investigation Report, attached to Plaintiff's Complaint, does not mention these defendants' involvement. Second, if it were uncovered that they were involved in Plaintiff's apprehension in the hotel room, such evidence could preclude summary judgment on the grounds of their lack of personal involvement.

Third, Plaintiff has had no opportunity to conduct such discovery. For this reason, it is questionable whether Plaintiff needs to strictly satisfy the Dowling requirements for a Rule 56(f) motion. With respect to Rule 56(f), this Court has previously drawn a distinction between cases, like Dowling, where *further* discovery is sought, and those, like the case at bar, where no meaningful discovery has yet taken place. Mars, Inc., v. Coin Acceptors, Inc., No. 90-49, 1994 WL 16471243, *2 (D.N.J. June 27, 1994)) ("Rule 56(f) is not intended for those situations where there has been no meaningful discovery, such that a party defending against summary judgment is unable to mount a serious defense.") See also West Virginia University Hospitals, Inc. v. Rendell, No. 06-0082, 2006 WL 3042971, *2 (M.D.P.A. Oct. 20, 2006) ("The Ninth Circuit has noted that where 'a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery related to its theory of the case, the district court should grant any Rule 56(f) motion fairly freely. (citing Burlington N. & Santa Fe R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003)). The Ninth Circuit's 'fairly freely' touchstone does not entitle every non-moving party to discovery under Rule 56(f) when a summary judgment motion has been filed prior to discovery, but it does suggest a less stringent standard than when the parties have already

3

> engaged in discovery. (citation omitted)); Crystalline H20, Inc. v. Orminski, 105 F.Supp.2d 3, 6 (N.D.N.Y. 2000) ("There is a critical distinction, however, between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct additional discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to commence discovery with respect to Plaintiff's claims."); Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery (citations omitted).") Thus, Diszler and Gatsby's motion for summary judgment is denied without prejudice. After Plaintiff has had an opportunity to explore their personal involvement in his arrest through discovery, they may re-new their motion.

See Reed, 2007 WL 3430935 at * 7 (footnote omitted). Although the deadline for the completion of discovery is not entirely clear based upon the Scheduling Orders entered on the docket in this matter, more than two years have passed since this Court's denial of Defendants' first motion for summary judgment. Clearly Plaintiff has had ample opportunity to explore through discovery the extent of Defendants' personal involvement in his arrest. Though the Court sent a letter to Plaintiff on January 14, 2010 stating that Defendants' motion for summary judgment would be considered unopposed, Plaintiff has failed to file any opposition to the instant motion. Accordingly, Defendant's Motion for Summary Judgment shall be considered unopposed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis

on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 202 (1986).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Anderson, 477 U.S. at 248.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 447 U.S. at 255)); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330.  "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).  The non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) (quotations omitted).  Under Anderson, Plaintiffs' proffered evidence must be sufficient to meet the substantive evidentiary standard the jury would have to use at trial.  477 U.S. at 255.  To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quotations omitted); see also Matsushita, 475 U.S. at 586; Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).  In deciding the merits

5

of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

If a non-movant fails to oppose the motion, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate."  See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990); Damiano v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J. 1996) (granting summary judgment because defendant's argument was unopposed, and thus no genuine issue of material fact was created).  The motion is appropriately granted when the movant is entitled to judgment as a matter of law.  Anchorage Assocs., 922 F.2d at 175.  When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. IRS, No. 00-5992, 2002 WL 373448, at * 2 (D.N.J. Jan 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175).  Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris Orman, No. 87-5149, 1989 WL 17549, at * 8 (E.D. Pa. March 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988)); see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at * 5 n. 8 (E.D.Pa. June 20, 2000), aff'd, 281 F.3d 218 (3d Cir. 2001).

### III.     DISCUSSION

Defendants assert that summary judgment must be granted on the grounds that (i) they are immune from suit under the doctrine of qualified immunity and (ii) they are entitled to absolute

immunity under the New Jersey Tort Claims Act, N.J.S.A. 59:3-3, 5-2.  At the outset, the Court notes that Defendants' reliance on the New Jersey Tort Claims Act in connection with Plaintiff's § 1983 claim of excessive force is misplaced.  Indeed, as the Supreme Court has recognized:

> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.

Martinez v. California, 444 U.S. 277, 284 n.8, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (quotations and citations omitted).  Accordingly, while the New Jersey Tort Claims Act may certainly operate to bar state law claims,[1] it may not bar Plaintiff's § 1983 claim.

Turning next to the doctrine of qualified immunity, Defendants contend that they are immune from suit given the lack of any evidence in the record to establish wrongdoing on their part.  Section 1983 of Title 42 of the United States Code provides a private cause of action against any person who, acting under color of state law, deprives another of rights, privileges, or immunities secured by the Constitution or laws of the United States.  The statute, in and of itself, is not a source of substantive rights but provides "a method for vindicating federal rights elsewhere conferred."[2]  Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d

---

[1] As previously noted, this Court has already dismissed Plaintiff's state law claims as barred by the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.  See Reed v. Straniero, 2007 WL 3430935, *4 (D.N.J. Nov. 13, 2007).

[2] 42 U.S.C. §1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

443 (1989) (quotations omitted). To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Police officers alleged to have violated an arrestee's well-established Constitutional or statutory rights may, however, be shielded from liability by invoking the protections of qualified immunity. Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d. Cir. 1995). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'." Bayer v. Monroe County Children & Youth Servs., 577 F.3d 186, 191 (3d Cir.2009) (quoting Pearson v. Callahan, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009)). More simply stated, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). This defense strikes a balance, shielding those officers from liability that mistakenly, but reasonably, believed their actions were lawful while permitting a plaintiff to recover against those defendants that knowingly violated the plaintiff's rights. Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007).

In assessing whether qualified immunity applies, courts consider two inquiries: (i) whether the facts alleged, when viewed in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (ii) whether the right that was [allegedly] violated was clearly established, i.e., whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Saucier v. Katz, 533 U.S.

194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (*overruled, in part,* by a unanimous Court in Pearson, 129 S.Ct. at 818, which relaxed the rigid two-step application of the Saucier analysis in favor of a more flexible approach that permits judges of district courts and courts of appeals "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first"). Accordingly, in assessing whether Defendants are entitled to qualified immunity, the Court examines whether Plaintiff has alleged the violation of a constitutional right and whether that right was clearly established. As previously noted, the Supreme Court made clear in Pearson, that it is within the discretion of this court which of the two prongs of the qualified immunity test to address first. See Montanez v. Thompson, No. 05-4430, 2010 WL 1610612 (3d Cir. Apr. 22, 2010) (noting the elimination of "the requirement that Saucier's two steps be analyzed in sequential order"). However, "[i]f the answer to either question is 'no,' the analysis may end there." Matos v. City of Camden, No. 06-205 (NLH), 2009 WL 737101, * 3 (D.N.J. Mar. 18, 2009) (citing Pearson, 129 S.Ct. at 823).

It is clear to this Court that Plaintiff's § 1983 claim fails under either prong of the qualified immunity analysis. Indeed, to establish individual liability under § 1983, the defendant must have some personal involvement in the alleged constitutional violation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . through [either] personal direction or . . . actual knowledge and acquiescence."); Fortune v. Hamberger, No. 09-4147, 2010 WL 1837743, * 6 (3d Cir. May 7, 2010). As this Court recognized in its initial decision denying Defendant's motion for summary judgment, Plaintiff failed to produce evidence sufficient to rebut Defendants' certifications that they were not personally involved in his arrest. Clearly where Defendants have had no personal involvement in the Plaintiff's arrest, their conduct cannot be

9

said to have violated a constitutional right nor can it be said that they have acted unreasonably in the situation with which they were confronted such that qualified immunity would not apply. Plaintiff has been afforded an opportunity to conduct discovery in order to produce evidence sufficient to create a material issue of fact for trial and has failed to do so.

Once again, Defendants proffer sworn affidavits in support of the motion for summary judgment stating that they were outside of the hotel room where Plaintiff was arrested, and his rights allegedly violated. See, e.g., Certification of Detective Diszler at 2 ("Detective Gadsby and myself remained outside the subject motel prior to and during the raid and subsequent arrest of the Plaintiff. We were located at the rear of the building, and were positioned in the event the Plaintiff attempted to elude the law enforcement officers by jumping from the deck of the second floor room to the ground. The Plaintiff did not jump from the second floor. Rather, he was arrested in the motel room. At no time did either myself or Detective Gadsby have contact with, or touch, the Plaintiff. Rather, we remained outside at the ground level during the raid and the arrest of the Plaintiff.") Personal involvement exists only where a named defendant violated the plaintiff's rights, either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights. See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Arnold v. New Jersey, No. 03-3997 (WHW), 2007 WL 1381757, at *4 (D.N.J., May 09 2007). It is clear that Defendants have satisfied their initial burden of demonstrating their lack of personal involvement in the alleged use of excessive force against Plaintiff. Accordingly, the burden is on Plaintiff to produce evidence sufficient to create a material issue of fact for trial. In the absence of such evidence, the Court finds that Defendants are entitled to summary judgment as to Plaintiff's claims against them in their individual and official capacities.

**IV.	CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is granted.

Dated: May 24, 2010

　/s/ Freda L. Wolfson　　<br>
FREDA L. WOLFSON, U.S.D.J.